UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD PAUL ELLINGTON,

           Petitioner,

  v.

ISRAEL JACQUEZ,

           Respondent.

Case No. C22-1135-DGE-SKV

REPORT AND RECOMMENDATION

Petitioner, Edward Paul Ellington, proceeds pro se in this habeas corpus action under 28 U.S.C. § 2241. Petitioner is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"), a federal administrative facility. Dkt. 8. Petitioner alleges the Bureau of Prisons ("BOP") relied on inaccurate information in his Presentence Report ("PSR") in deciding to house him at FDC SeaTac. *Id.* at ¶5. He further alleges the decision to place him at FDC SeaTac deprived him of the educational and culinary training recommended by his sentencing court. *Id.* Respondent filed a motion to dismiss the petition that appended relevant portions of the BOP's administrative remedies record. Dkt. 15. Petitioner's response to the motion to dismiss was due December 19, 2022, but no response has been filed.

REPORT AND RECOMMENDATION - 1

Having considered the motion, the balance of the record, and the governing law, the Court recommends that Respondent's motion to dismiss be granted.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner indicates that his claims stem from a sentence imposed by the United States District Court for the District of Montana, case number CR17-10-BMM-1. Dkt. 1. A review of the docket for that case reveals that Petitioner was sentenced in the District of Montana on May 24, 2018, following entry of a guilty plea, to a term of 190 months confinement plus 60 months of supervised release. *United States v. Ellington, et al.*, No. CR17-10-BMM-1, Dkt. 60. The sentencing court recommended Petitioner's participation in a 500-hour Residential Drug Abuse Program and, at Petitioner's request, vocational training in culinary arts. No. CR17-10-BMM-1 at Dkt. 62. Following sentencing, Petitioner was housed at the Federal Correctional Institute Phoenix ("FCI Phoenix"), a medium-security facility. *Id.* at Dkt. 69.

Petitioner was subsequently transferred from FCI Phoenix to FDC SeaTac. The precise date of transfer is unknown, but he was at FDC SeaTac at least by June 10, 2019. On that date, Petitioner filed a petition under 28 U.S.C. § 2255 in the District Court of Montana to have his sentence vacated, set aside, or corrected, due to ineffective counsel both prior to and during sentencing. *Id.* at Dkt. 68. Petitioner alleged that his sentencing counsel committed a *Strickland* violation by failing to exhaust opportunities to resolve sentencing disparities between himself, his co-defendant, and the drug supplier Petitioner turned in to the authorities, Martin Walsh. *Id.* at Dkt. 69, page 3; *see, e.g., Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's co-defendant and Walsh received 120-month sentences in BOP custody and Petitioner received a 190-month sentence. *Id.* "The basis for Petitioner's guideline range was a methamphetamine quantity of 1618 grams, qualifying him for a base offense level of 32, plus enhancements for

possession of a firearm (+2), direction of threats or violence (+2), and organizer or leader (+4)." *Id.* at Dkt. 69, page 4. Petitioner argued that his sentencing counsel failed to file a sentencing memorandum, failed to make objections to enhancements in his PSR, and, most importantly, failed to object to "*Brady* evidence," a 200-gram methamphetamine weight discrepancy reported in his PSR compared to Walsh's PSR, which raised his base offense level from 30 to 32. *Id.* at Dkt. 69, page 7; *see Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Montana District Court denied Petitioner's § 2255 petition because he "fail[ed] to allege facts showing that [sentencing] counsel had a legitimate objection make," and he did not present "specific facts or law that would undermine any enhancement" in his PSR. *Id.* at Dkt. 87; *see* No. CR-17-10-BMM-1 at Dkt. 60 ("Defendant confirms review of PSR with counsel. Defense counsel heard regarding a couple of enhancements but have no disputes or objects to PSR [sic] . . . Court accepts plea agreement and relies on PSR for factual basis"). Petitioner appealed the Montana District Court's denial of his § 2255 petition to the United States Court of Appeals for the Ninth Circuit. *Id.* at Dkt. 94.

With his § 2255 appeal pending, on January 6, 2022, Petitioner moved the Ninth Circuit for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at Dkt. 98. He subsequently requested to stay his compassionate release motion so that he could properly exhaust his administrative remedies. *Id.* at Dkt. 103. Shortly thereafter, Petitioner filed a pro se motion in the Montana District Court, which the court construed as a § 2241 petition, challenging his PSR's characterization of him as "violent towards law enforcement." *Id.* at. Dkt. 105. Petitioner's requested relief included appointment of counsel to challenge this characterization, transfer to a minimum-security facility in Florida (where he could receive culinary training), and an order requiring the BOP to change his release address. *Id.* The Montana District Court

dismissed the § 2241 petition as "beyond the jurisdiction of the sentencing court" under 18 U.S.C. § 3621(b), *id.* at 107, ¶3-4 (noting that "[Petitioner] did not identify any aspect of this Court's information, such as the [PSR], erroneously supporting the characterization [that he is violent towards law enforcement]."), and for Petitioner's failure to exhaust administrative remedies. *Id.* Furthermore, the Montana District Court noted the motion's "informal" nature and concluded that "[Petitioner] may . . . file in the proper District if he properly exhausts his administrative remedies." *Id.* at Dkt. 107, ¶5-6. The Ninth Circuit subsequently affirmed the Montana District Court's order denying Petitioner's § 2255 motion in July 2022. *Id.* at Dkt. 108.

Before this Court is Petitioner's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 8. Petitioner originally filed this petition with the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 5. The Ninth Circuit thereafter transferred the petition to this Court for consideration. *Id.* Petitioner requests relief in the form of appointment of attorney Kristina Neal to represent him in this matter and transfer to a "camp" within the BOP. Dkt. 8 at ¶ 9.

## II.   DISCUSSION

Petitioner pursues this habeas petition pursuant to 28 U.S.C. § 2241. As discussed above, Petitioner seeks appointment of counsel to correct alleged inaccuracies in his PSR, as well as an immediate transfer to a BOP camp. For reasons described below, the requested relief should be denied.

A.   Jurisdiction

Petitioner calls upon the Court to facilitate his transfer to a camp that "reflects [his] points (custody level)." Dkt. 8 at ¶9. 18 U.S.C. § 3621(b) vests the BOP with the authority to make placement and transfer determinations for BOP prisoners subject to certain enumerated

REPORT AND RECOMMENDATION - 4

factors. *See* 18 U.S.C. § 3621(b)(1)-(4). So long as designations are made pursuant to these factors, reviewing courts are subject to a jurisdiction-stripping provision:

> The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another. . . . [A]ny order, recommendation, or request by a sentencing court . . . shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person. Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

18 U.S.C. § 3621(b)(5).

The Ninth Circuit has repeatedly held that, pursuant to 18 U.S.C. § 3621, Congress "stripped federal courts of jurisdiction to review the BOP's individual designations of an [prisoner's] place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461-62 (9th Cir. 2021); *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) ("[District courts do not have] jurisdiction to select the place where [a] sentence may be served."). However, the jurisdiction-stripping provision of § 3621(b) "does not preclude review of . . . challenges that [happen to] implicate individual designation decisions." *Ahmad*, 860 F. App'x at 462 (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S. Ct. 888, 112 L. Ed. 2d 1005 (1991)) (holding "a statute precluding 'judicial review of a determination respecting an application for an adjustment of status' precludes 'review of individual denials of . . . status, rather than . . . general collateral challenges to unconstitutional practices and policy used by the agency. . . .'"). A "district court [may not have] jurisdiction over discretionary designation decisions, [but] it does have jurisdiction to decide whether the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." *Id.* (quoting *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016)). Such matters concerning the execution of a sentence are appropriately resolved pursuant to a § 2241 petition.

REPORT AND RECOMMENDATION - 5

To the extent Petitioner asks the Court to facilitate his transfer to a different BOP facility, such relief should be denied as the Court does not have jurisdiction to usurp BOP's discretion concerning his individual designation at FDC SeaTac. However, the Court may review the merits of Petitioner's § 2241 petition to gauge whether his claim contains a "general collateral challenge to [an] unconstitutional [practice or policy]" by the BOP that happens to implicate his individual designation at FDC SeaTac. *McNary*, 498 U.S. at 492.

B.     § 2241 Petition

Petitions brought pursuant to 28 U.S.C. § 2241 challenge a sentence's execution, such as the "manner, location, or conditions of a sentence's execution," including parole procedures, sentence calculations, or loss of credits that extend the duration of confinement. *Id.* at 955 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). The Ninth Circuit has considered § 2241 petitions challenging the location of a prisoner's confinement, but only in cases where the petition contains some "general collateral challenge to [an] unconstitutional [practice or policy]" by the BOP that happens to implicate an individual designation. *McNary*, 498 U.S. at 492; *see, e.g.*, *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009) (finding the BOP's regulation categorically excluding certain prisoners from early release incentive through the Residential Drug Abuse Program invalid under the APA); *see also Ahmad v. Jacquez*, No. C19-1216-TSZ-MLP, 2020 WL 3086074 (W.D. Wash.) at *3, *aff'd*, 2020 WL 3077119 (W.D. Wash. 2020), *aff'd*, 860 F. App'x 459 (2021) (renumbered No. 20-35536) (discussing treatment of various § 2241 petitions by the Ninth Circuit).

Here, Petitioner challenges characterizations made in the PSR filed in his underlying criminal case. However, the heart of this petition is the BOP's use of the PSR to classify Petitioner and then designate him to FDC SeaTac. Petitioner argues that due to this designation,

he is deprived of culinary arts training that was recommended for him by the sentencing court. Dkt. 8 at ¶8.  Therefore, the issue before this Court is not whether the alleged error in the PSR contaminated the length of his sentence, as was the issue in his § 2255 petition, but whether the characterization of Petitioner in his PSR affected the execution of his sentence at a specific BOP location in violation of the Constitution or federal law.

Petitioner's § 2241 petition challenging his PSR is not meritorious under Ninth Circuit precedent because he has not shown how his incarceration at FDC SeaTac, or any other aspect concerning the execution of his sentence, violates the Constitution or federal law.  Prisoners do not have a liberty interest in a particular classification status.  *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)).  Nor do prisoners have a protected liberty interest in the location of their confinement.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  The culinary training recommended by the sentencing court is just that: a recommendation.  Fulfilling such a recommendation is not compulsory when the BOP is making classification and designation decisions.  18 U.S.C. § 3621(b)(5); *contra* 18 U.S.C. § 3621(e)(2)(B) (explaining sentence reduction incentive for completing a residential substance abuse treatment program).  Petitioner did not identify any other grounds for relief besides this deprivation of culinary training.  Consequently, his petition does not present a "general collateral challenge to [an] unconstitutional" practice or policy by the BOP that happens to implicate his location at FDC SeaTac.  498 U.S. at 492.

For these reasons, the Court should find Petitioner's claims are not cognizable in habeas and that the Court is stripped of jurisdiction under 18 U.S.C. § 3621(b)(5) to grant Petitioner's requested relief.

C.      Exhaustion

Respondent argues that habeas relief would be unavailable regardless of the merits of his petition because Petitioner failed to exhaust his BOP administrative remedies. In the Ninth Circuit, federal prisoners seeking relief under § 2241 are generally required to exhaust their available administrative remedies prior to bringing a petition for writ of habeas corpus in the federal courts. *See, e.g., Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).

The BOP has established an administrative remedy process through which federal prisoners may seek review of almost any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10, *et seq*. The BOP Administrative Remedy Program has four levels of review. First, a federal prisoner must attempt informal resolution with staff. 28 C.F.R. § 542.13. If unsuccessful, a prisoner must next present his claim to the Warden of the institution where he is then incarcerated. *See* 28 C.F.R. § 542.14. A prisoner who is dissatisfied with the response received from the Warden may appeal that decision to the appropriate Regional Director within twenty (20) days. 28 C.F.R. § 542.15(a). If that does not resolve the issue, the prisoner may appeal the Regional Director's decision to the Office of General Counsel within thirty (30) days. *Id*. A prisoner who seeks to appeal a decision of a Discipline Hearing Officer is excepted from the requirement of filing an appeal at the institutional level and must, instead, file his initial appeal directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). An appeal to the Office of General Counsel is the final administrative appeal. *Id*. Appeals to the Office of General counsel must comprise of the form designed for Central Office Appeals (BP-11) plus a complete copy of all institution and regional filings and responses. *Id.* Furthermore, "a [prisoner] may not raise an

appeal issue not raised in the lower-level filings, and a [prisoner] cannot combine appeals of separate lower-level responses (different case numbers) into a single appeal." *Id.*

Respondent provides BOP records of Petitioner's administrative remedy history showing that he initiated two separate complaints. Dkt. 15 (Attachment A). The first complaint was for transfer to a lower-security facility, and the second complaint was to correct his PSR to redact an allegedly false entry regarding his criminal history. *Id.* Respondent notes that Petitioner did appeal the denial to his request to correct his PSR up to the final administrative appeal to the BOP's General Counsel. Dkt. 15. at 15-21. However, this appeal was rejected as incomplete because Petitioner failed to include a complete copy of institution and regional filings and responses as required by 28 C.F.R. § 542.14(d)(2). *Id.* Petitioner did not appeal his request to be transferred to another facility beyond the Western Regional office. *Id.* at 22-23. Under § 542.14 prisoners are not allowed to combine separate complaints on appeal. Therefore, Petitioner's complaint regarding his request to transfer was not appealed to the Office of General Counsel along with the other complaint.

Accordingly, Petitioner failed to exhaust BOP administrative remedies and the Court should deny his § 2241 petition on that basis as well.

### III.    CONCLUSION

For the reasons discussed above, the Court recommends Respondent's Motion to Dismiss be GRANTED. A proposed order accompanies this Report and Recommendation.

### IV.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

REPORT AND RECOMMENDATION - 9

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2023**.

Dated this 7th day of February, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10